UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CARGILL INCORPORATED, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:10cv00088 SNLJ |
|  | ) |  |
| SCOTT MORGAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to vacate arbitration award, #8, filed June 17, 2010. Responsive pleadings have been filed, and this matter is now ripe for disposition.

**I. Statement of the Case**

Plaintiff Cargill Incorporated (Cargill) and Defendant Scott Morgan have a dispute relating to grain contracts between them from February 2006 until October 2007. The two parties agreed to arbitrate the dispute with the National Grain and Feed Association (NGFA), and on May 20, 2008, plaintiff submitted its Arbitration Complaint against defendant. Plaintiff submitted its first brief to the NGFA on May 22, 2009, and defendant submitted its response on August 3, 2009, which was 49 days after the deadline required by the NGFA Arbitration. Defendant did not seek an extension of the deadline at any time. Under the NGFA Arbitration Rules, a defendant must file its answer within twenty days of receiving the plaintiff's pleadings, and a defendant who fails to timely file its answer "shall be deemed in default." Pursuant to those rules, the NGFA rendered its Arbitration Decision eight months later on April 27, 2010 in

favor of plaintiff and against defendant by default and awarded plaintiff judgment in the amount of $134,990.81. On May 27, 2010, plaintiff submitted an application for confirmation of the arbitration award against defendant, and on June 17, 2010, defendant submitted this motion to vacate arbitration award pursuant to 9 U.S.C. § 10(a)(3), alleging that the arbitrators were guilty of misconduct or misbehavior by refusing to modify the briefing schedule or allowing to defendant to file his brief late.

## II. Standard of Review of Arbitration Awards

Federal courts are not authorized to reconsider the merits of an arbitral award, "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE) Local 7-0159*, 309 F.3d 1075, 1080 (8th cir. 2002)(quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). Although an arbitrator has broad authority, it is not unlimited. *Id*. "In addition to those grounds for vacation of an award set forth in the Federal Arbitration Act, 9 U.S.C. § 10 (2000) (listing such reasons as the arbitrator's corruption, fraud, evident partiality, misconduct, or ultra vires acts), courts have vacated arbitral awards that are 'completely irrational' or that 'evidence[ ] a manifest disregard for the law.'" *Id*. (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001)).

"Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists." *El Dorado School Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001). "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination 'must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" *Id*. (quoting *Grahams Serv. Inc. v. Teamsters Local 975*, 700 F.2d 420, 422 (8th Cir. 1982).

## III. Discussion

Defendant alleges that the arbitrators were guilty of misconduct when they refused to modify the briefing schedule or allow him to file his brief late, and therefore he was severely prejudiced. This argument is belied by the fact that the NGFA Arbtration Rules grant the arbitrators a procedural basis for declaring a party in default for failure to file briefs by the deadline. According to Section 7(d) of the NGFA Arbitration Rules, "[t]he defendant shall have twenty (20) days to forward its answer from the date it receives the plaintiff's pleadings and evidence from the National Secretary and to submit a cross complaint or counterclaim." Section 7(i) of the NGFA Arbitration Rules states:

> In addition to default judgments issued pursuant to Section 5(e), where a party has failed to file arbitration papers in accordance with the time limits specified in this Section or by the National Secretary, the delinquent party shall be deemed in default, except there is no obligation to file a rebuttal or surrebuttal. The National Secretary may for good cause shown extend the time limits specified herein for a period no longer than twenty (20) days from the end of the specified time period. requests for extension of time must be made prior to expiration of the specified time period. Any extension so granted must be in writing, and a copy thereof sent to both parties.

Defendant did not request an extension prior to the end of the twenty days from the receipt of the initial brief, and even if the arbitrators had granted defendant the allotted maximum of twenty extra days, he would have exceeded that hypothetical deadline by an additional 29 days.

Defendant argues that by disallowing the untimely filing of the response brief, the arbitrators violated the Federal Arbitration Act, 9 U.S.C. § 10(a)(3), which states that a court may vacate an award, "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." This Court has not seen any evidence, however, that would support a finding that the arbitrators

were guilty of misconduct. On the contrary, it appears that defendant had ample opportunity to request an extension or show cause for delay and chose not to do so, completely disregarding the procedural rules in the process. The arbitration panel followed the established procedure by issuing a default judgment under the terms of the NGFA Arbitration Rules.

It should be further noted that this Court has seen no evidence that defendant has exhausted the arbitral process of appeal under the NGFA Arbitration Rules. Under the Appeal Procedure, Section 9(a), states: "A decision of the National Arbitration Committee or a judgment of default or dismissal issued by the National Secretary shall be final unless appealed by either party. If timely and properly appealed, the case shall be reviewed by the Arbitration Appeals Committee and affirmed, modified, reversed or it may be remanded for reconsideration by the National Arbitration Committee or the National Secretary." It is unclear why defendant waited to raise these issues until plaintiff submitted its application for the arbitration award with this Court, but the arbitral remedies should have been exhausted first. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to vacate arbitration award, #8, filed June 17, 2010, is **DENIED**.

Dated this __28th__ day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE